RENE VALLADARES
Federal Public Defender
PAUL D. RIDDLE
Assistant Federal Public Defender
411 E. Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
(702) 388-6577
(Fax) 388-6261

Attorney for **MARSHALL**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIK MARSHALL,<br><br>Defendant. | 2:11-cr-235-GMN-CWH<br><br>**MOTION FOR PRE-SENTENCING PSYCHIATRIC AND PSYCHOLOGICAL EVALUATION PURSUANT TO 18 U.S.C. § 4244(a)&(b)**<br><br>**(Motion Unopposed by the Government)** |

COMES NOW defendant ERIK MARSHALL, by and through his attorney of record, PAUL D. RIDDLE, Assistant Federal Public Defender, and hereby files this motion for a Federal Bureau of Prisons pre-sentencing competency evaluation of defendant Erik Marshall.

On August 20, 2012, Marshall pleaded guilty to Count 2 of the instant matter's pending federal criminal indictment. (*See* Court's Record (CR) 38 (change of plea minutes); *see also* CR 39 (written plea agreement).) The count of conviction is transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1). This Court has set the sentencing date for April 12, 2013.

Defense counsel Paul D. Riddle now hereby informs the Court that Marshall's mental health condition has deteriorated markedly since the time of change of plea proceeding. Although counsel believed, and still believes, Marshall was competent to enter a plea of guilty on August 20, 2012, counsel no longer believes Marshall is competent to continue with further court proceedings.

That the first hint of mental state deterioration occurred shortly after the change of plea proceeding and has accelerated in severity since. Marshall, at this time, no longer exhibits cogent thought processes or patterns, engages in fanciful and magical thinking, lacks any real perspective

on his current situation, and, most important, defense counsel now finds it virtually impossible to communicate with Marshall. Defense counsel is no longer able to adequately represent Marshall at sentencing due to his inability to communicate with defense counsel and to understand the nature and significance of the proceeding. *See generally Medina v. California*, 505 U.S. 437, 450 (1992) ("defense counsel will often have the best-informed view of the defendant's ability to participate in his defense").

There is no question a criminal defendant has a right to due process and effective assistance of counsel at sentencing. Marshall's current mental conditions puts both rights in jeopardy.

"Sentencing is a critical stage of the criminal process," *Boardman v. Estelle*, 957 F.2d 1523, 1525 (9th Cir.1992) (citing *Mempa v. Rhay*, 389 U.S. 128, 134(1967)), and the defendant's allocution, "is an essential element of a criminal defense." *Id.* at 1526. A defendant is competent to stand trial and be sentenced if he has both a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." *United States v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir. 2004). Competence at sentencing therefore requires, among other things, that the defendant be able to assist in his own defense by participating in his "elementary right" of allocution. *Boardman*, 957 F.2d at 1527 ( quoting *United States v. Behrens*, 375 U.S. 162 (1963)).

The test for competency at a sentencing hearing is "whether the defendant is able to understand the nature of the proceedings and participate intelligently to the extent participation is called for." *Chavez v. United States*, 656 F.2d 512, 518 (9th Cir. 1981). A district court's duty to inquire into a defendant's competency is triggered if the judge is confronted with "substantial evidence" to doubt the defendant's competency. *See id.* at 517-18; *accord United States v. Dreyer*, 705 F.3d 951, 960 (9th Cir. 2013).

///

///

///

The procedures for a mental health and competency inquiry for a convicted, but not yet sentenced, defendant are found at 18 U.S.C. § 4244. Section 4244(a) allows for defense counsel, government counsel, or the court sua sponte to request a hearing on the defendant's competency to be sentenced. While defense counsel generally is supposed to move for a competency hearing "within ten days after the defendant is found guilty," this Court is free to order a competency hearing at any time before sentencing.[1]

Under 18 U.S.C. § 4244(b) and § 4247(b) & (c), this Court may order a psychiatric or psychological examination be conducted prior to the competency hearing and that the ensuing report be filed with the Court.

THEREFORE, counsel for Marshall submits this motion for defendant to submit to a psychological and psychiatric examination to determine whether the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature of consequences of Marshall's forthcoming sentencing proceedings and to properly communicate with defense counsel in order to present the best mitigation case possible.

FURTHER, that defendant shall be forthwith transported to the closest Federal Bureau of Prisons (BOP) facility that conducts psychological and psychiatric evaluations.

FURTHER, that the examination shall be in accordance with Title 18, United States Code, Sections 4241, 4244, and 4247 and Rule 12.2(c) of the Federal Rules of Criminal Procedure.

///

///

///

---

[1] To the extent this Court is concerned with the ten day time limitation, defense counsel submits any delay in this motion be excused for good cause. Defense counsel had always perceived some oddities in Marshall's behavior, yet believed Marshall competent. It wasn't until recently that defense counsel, in consultation with Marshall's family, drew a definitive conclusion that Marshall is not competent to proceed to sentencing.

Defense counsel does not make this motion lightly as it is not apparent a competency exam is in the client's best interests. Defense counsel has a duty, however, as an officer of the court to bring this situation to the Court's attention. Moreover, counsel simply is not able to adequately communicate with Marshall at this time rendering it constitutionally problematic to proceed to sentencing at this time.

1 | FURTHER, that defendant shall be held in said facility for a reasonable period of time, not to exceed forty-five days, unless extended by further order of the Court upon showing of good cause by the Director of said facility or pursuant to other appropriate motion for a period of time up to thirty days.

FURTHER that within forty-five days from the date of entry of the Order, the Director of said facility at which the examination has been conducted, shall prepare, or cause to be prepared, a psychiatric or psychological report of the defendant, and that the Director shall send copies of such psychiatric or psychological report to the Clerk of the United States Court for the District of Nevada, to Susan Cushman, Assistant United States Attorney, and Paul D. Riddle, counsel for defendant Erik Marshall.

FURTHER, that following the defendant's examination, he shall be forthwith transported back to the District of Nevada for a competency hearing pursuant to 18 U.S.C. § 4244(a).

FURTHER, that said examination shall be in accordance with 18 U.S.C. §§ 4241, 4242, 4244 and 4247.

FURTHER, that the said report prepared pursuant to this Order shall include:

(1) Defendant's history and present symptoms;

(2) A description of the psychiatric, psychological or medical tests that were employed and their findings;

(3) The examiner's findings; and

/ / /

/ / /

/ / /

(4) The examiner's opinions as to diagnosis, prognosis, and whether the defendant is competent to proceed to sentencing, the test of which is whether he may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in preparing for sentencing.

Respectfully submitted,

RENE L. VALLADARES
FEDERAL PUBLIC DEFENDER

*/s/ Paul D. Riddle*
_____
PAUL D. RIDDLE
Assistant Federal Public Defender

**IT IS SO ORDERED** this 8th day of April, 2013.

_____
Gloria M. Navarro
United States District Judge